J-S70011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EFRAIN MIRANDA, III | |
| Appellant | No. 229 EDA 2014 |

Appeal from the PCRA Order December 10, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004165-2011

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 23, 2014**

Efrain Miranda, III, appeals from the order of the Court of Common Pleas of Lehigh County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This case arises from a lengthy investigation of drug sales in Allentown, Pennsylvania.  On July 18, 2012, Miranda entered a negotiated guilty plea to 10 counts each of possession with intent to deliver a controlled substance (cocaine),[2] conspiracy to commit possession with intent to deliver

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 Pa.C.S. § 780-113(a)(30).

a controlled substance (cocaine),[3] and corrupt organizations.[4] The court sentenced Miranda to an aggregate term of 12 to 29 years' incarceration, and denied his post-sentence motion for a modification of sentence on September 12, 2012. Miranda did not file a direct appeal of his judgment of sentence.

Miranda filed the instant PCRA petition on July 8, 2013, which he amended on November 22, 2013. An evidentiary hearing occurred on December 6, 2013. Following argument, the PCRA court dismissed Miranda's requests for relief. Miranda filed a timely *pro se* notice of appeal and, as ordered by the court, filed a timely statement of errors complained of pursuant to Pa.R.A.P. 1925(b). The PCRA court, at Miranda's request, appointed the Lehigh County Public Defender's Office to represent him.

On appeal, Miranda raises the ineffectiveness of his trial counsel, Angelo Almonti, Esquire.[5] Specifically, Miranda claims that Attorney Almonti was deficient regarding discovery and failed to explain fully and adequately the plea negotiations.

_____

[3] 18 Pa.C.S. § 903.

[4] 18 Pa.C.S. § 911(b)(1).

[5] We note that Miranda has failed to cite any legal authority in support of his position. *See* Pa.R.A.P. 2119(b); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). However, this defect is not fatal to Miranda's claims.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled: we must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Further, considering just the specific claim appellant has raised in this appeal, a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). As our [S]upreme [C]ourt has stated:

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted). The PCRA court may deny a claim of ineffectiveness if the petitioner's evidence fails to meet a single one of these prongs. *Id.* Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness. *Id.*

Initially, we note that the PCRA court found Attorney Almonti's testimony credible and Miranda's testimony not credible. Further, the record supports the PCRA's decision to dismiss Miranda's petition for failure to prove beyond a preponderance of the evidence that his sentence resulted from the ineffective assistance of counsel. *See id.*

Miranda's first argument, that Attorney Almonti was ineffective for failing to adequately review discovery with his client and contest a protective order regarding discovery, is meritless. Attorney Almonti received discovery in the form of five compact discs of wiretapped conversations as well as some paper documents including, but not limited to, the criminal complaint, relevant search warrants, affidavits of probable cause and inventory receipts. On January 6, 2012, Attorney Almonti informed Miranda, by letter, that he could not give him the discovery materials due to a protective order, and requested that Miranda make an appointment to review the discovery in his law offices. Miranda complied and together they reviewed the discovery over the course of several sessions. At the PCRA hearing, Attorney Almonti testified that he did not review every wiretap due to Miranda's decision to cooperate with the authorities and his desire for a non-trial disposition. Attorney Almonti further testified that he did not contest the protective order due to his belief that it would help his client, who was cooperating with the authorities. In light of these facts, it is clear that the trial court properly determined that Miranda's argument that Attorney Almonti was ineffective for failing to review discovery is meritless. ***See id.***

Miranda also argues that Attorney Almonti was ineffective for failing to explain fully all of the possible plea offers and why his client should plead guilty. Again, the facts undermine this contention.

At the PCRA hearing, Attorney Almonti testified that he repeatedly explained to Miranda the maximum sentence he could receive. In addition,

Miranda reviewed a chart authored by the Deputy District Attorney, detailing each of Miranda's drug deliveries and the accompanying standard sentence. Attorney Almonti memorialized these conversations in a letter he sent to Miranda on June 29, 2012, approximately two weeks before the guilty plea. Additionally, Attorney Almonti testified that he met with Miranda in prison the two days prior to the plea hearing as well as the day of the plea. During these meeting, Attorney Almonti explained the different offers from the Commonwealth. Furthermore, the trial court conducted an extensive guilty plea colloquy in which it placed the maximum sentences on the record. Based on these facts, the trial court properly determined that Miranda's argument that Attorney Almonti was ineffective for failing to explain all possible sentences is meritless. *See id.*

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2014